IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       **Plaintiff/Respondent**,

vs.                                        **CV 00-996 LH/LCS**
                                                      **CR No. 95-491 LH**

**JOHN GOMEZ,**

       **Defendant/Petitioner.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

      1.      This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed July 10, 2000. (*Doc. 1*).  Gomez, currently incarcerated and proceeding *pro se*, attacks the Judgment and Sentence entered on January 5, 2000, in the case styled *United States of America v. John Gomez*, and numbered CR 95-491 LH, United States District Court for the District of New Mexico.  The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

      2.      On September 7, 1995, a federal grand jury indicted Gomez with twenty-six counts of various drug-related charges.  Two superseding indictments followed.  The government filed an Information giving Notice of Eligibility for Imposition of Sentence under the Enhanced Penalty Provisions of Sections 841(b)(1)(A), 841(b)(1)(C) of the United States

Code (hereinafter "information") on January 5, 1996. (Res.'s Brief Ex I). The "information" listed a 1979 felony conviction. On July 3, 1996, Gomez was charged with racketeering conspiracy, conspiracy to possess with the intent to distribute marijuana, possession with the intent to distribute fifty kilograms or more of marijuana and aiding and abetting, in violation of 18 U.S.C. §1962(c) and (d), 18 U.S.C. §2, and 21 U.S.C. §§46, 841(b)(1)(A) and 841(a). (*Crim. Doc. 710*). Gomez was subsequently arraigned and pleaded "NOT-Guilty" with respect to all charged offenses. (*Crim. Doc. 757*). However, on September 26, 1996, he entered a plea of guilty to count III (conspiracy to possess with intent to distribute) pursuant to a plea agreement. (*Crim. Doc. 889*). A presentence report was submitted by the government on November 8, 1999. (Res.' Brief Ex. II pg 6). The report contained the same information as set forth in the "information."

      3.     Gomez was arrested on April 7, 1999, for possession with intent to distribute approximately 322 pounds of marijuana. On January 4, 2000, the United States District Court for the District of New Mexico sentenced Gomez to 120 months imprisonment, the sentence to run concurrently with a judgment entered in a United States District Court for the District of Western Texas.[1] The New Mexico district court applied the statutory penalty according to 21 U.S.C. §841(b)(1)(B) based on the defendant's prior conviction in 1979 for possession with the intent to distribute marijuana. (*Crim. Doc. 1404*). Judgment was entered on January 27, 2000. (*Crim. Doc. 1406*). Gomez did not file a direct appeal, but instead filed a Section 2255 motion on July 10, 2000 claiming that the District Court lacked jurisdiction to impose an enhanced sentence because of the government's failure to timely file a 21 U.S.C.

---

[1] The Western District of Texas sentenced Gomez for a term of 188 months imprisonment on November 12, 1999.

§851 notice of enhancement with the clerk **prior** to the court accepting his guilty plea and that he received ineffective assistance of council at sentencing. (*Doc. 1*).

4. Although the Petitioner did not file an appeal with respect to these two claims, his allegations may be raised in a Section 225 motion. "Challenges to a district court's subject matter jurisdiction may be raised at any time, including in a §2255 motion for collateral review of a federal conviction." See *United States v. Burch*. 169 F.3d 666, 668 (10th Cir. 1999) (citing *United States v. Cuch*, 79 F.3d 987, 990 (10th Cir. 1996). Also, "ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Therefore, this Court recognizes that, as a procedural matter, the Petitioner's claims may be raised in a Section 2255 motion.

5. The government contends within it's Answer that it did, in fact, timely file the requisite "information" required by 21 U.S.C. §851(a)(1) on a January 6, 1996. (Res.' Answer at 5). The government asserts that the Petitioner could not have been confused about which conviction the government intended to rely on since the "information" provided legally sufficient information concerning the Petitioner's prior conviction. (Res.' Answer at 6). The government alleges that Gomez' ineffective assistance claim also fails because he had ample time, the time the "information" was filed on January 6, 1996 until the time he plead guilty on September 26, 1996, to ascertain and establish that the prior convictions were invalid. (Res.' Answer at 8).

6. Gomez argues that since the government failed to file "information" concerning prior convictions before he made his plea of guilty, the district court lacked

jurisdiction to impose an enhanced sentence pursuant to Section 851. (Pet.'s Brief at 16).[2] He also argues that his attorney failed to properly object to the "information;" thereby lessening the government's burden of persuading the court that the Petitioner should not have been subject to a mandatory minimum of 120 months pursuant Section 851(a)(1). (Pet.'s Brief at 13-14).

7.      With respect to the first claim, the government's failure to timely file "information," this Court relies on fundamental principles of due process.  Due process requires that a defendant receive reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. See *Oyler v. Boles*, 368 U.S. 448, 452 (1962).  Section 851 was enacted to fulfill this due process requirement. *See United States v. Wright*, 932 F.2d 868, 882 (10th Cir.) (stating that Section 851 provides the defendant an opportunity to challenge the prior convictions); *See also United States v. Johnson*, 944 F.2d 396, 407 (8th Cir 1991) (stating that §851 allows the defendant an opportunity to determine whether to enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict.)

8.      The sentencing court may enhance a defendant's sentence on the basis of prior conviction only when the government files an "information," before trial, indicating its intent to rely on that conviction for sentencing purposes. *See Johnson*, 944 F.2d at 406.  Failure to file the notice prior to trial deprives the district court of jurisdiction to

---

[2]     The Petitioner bases his Section 2255 Motion on arguments embedded in 21 U.S.C. §851 and the "information" required to be filed by the state under that statue.  However, the Petitioner intermittently goes back and forth from using the term "information" and "PSR" within his Motion to Vacate, Set Aside, or Correct Sentence and Response to Respondent's Answer.  For purposes of this Section 2255 Motion, the Court will assume that the Petitioner is referring to the "information" required under Section 851 when her refers to the "PSR."

impose an enhanced sentence. See *Wright*, 932 F.2d at 882. If and when the government files this "information," the court must then "inform the defendant that any challenge to a prior conviction must be made before sentence is imposed and if it is not, it may not thereafter be raised to attack the sentence." See 21 U.S.C. §851(c)(1). "If the defendant does challenge any of the allegations contained in the information, she or he must file a written response and serve it on the Government, and the district court must hold a hearing to resolve the issue raised by the defendant." *Id.*

9. In this case, the government filed an "information" pursuant to Section 851 on January 6, 1996. The document contained information pertaining to the Petitioner's past criminal record. The "information" stated that "[o]n or about June 7, 1979, GOMEZ was convicted of Possession of Marijuana with Intent to Distribute and Conspiracy, and committed to the custody of the Attorney General for three (3) years, followed by seven years special parole, by the United States District Court for the Western District of Texas." (Res.'s Brief Ex. I). This information was not only timely filed, eight months prior to Petitioner's guilty plea, it also contains the necessary information which is required by Section 851 as well as by the strictures of due process. As stated previously, the purpose of Section 851 is to provide reasonable notice to the defendant so that he or she may have an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism. *See Oyler*, 368 U.S. at 452. As far as this Court is concerned, the government did just that. It filed a report with the court including information regarding the Petitioner's 1979 conviction. The Petitioner, in return, had eight months to decide whether or not to plead guilty or to go ahead with trial. To require more due process than what was given in this case is unnecessary. Therefore, I recommend that the Petitioner's

claim with respect to the government's failure to file an "information" before he entered his guilty plea should be denied.

10. Gomez argues, in the alternative, that even if the government did file a timely "information" pursuant to Section 851, his trial counsel was ineffective during the sentencing because he failed to argue to the trial court the incorrect application of 21 U.S.C. §851 (a)(1). Specifically, he contends that his counsel failed "to make a pretrial investigation and to file an addendum to the [presentence] report before sentencing." (Pet.'s Brief at 11). Gomez also argues that neither the government nor his council provided him with a copy of the "information" and that he was "unaware that he himself could have contested the validity of the prior convictions." (Pet.'s Res. at 1 and 3). He further states that the trial court failed "to specifically inform him that he had the right to admit or deny the prior conviction, together with the failure to tell him that any challenge to a prior conviction has to be made before sentence was imposed." (Pet.'s Res. At 3)

11. In order to establish ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A habeas corpus petitioner has the burden of establishing both elements of the *Strickland* standard. 466 U.S. at 694. Petitioner bears the burden of proving both the deficiency and the prejudice prong of the *Strickland* standard. See *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

To demonstrate constitutional deficiency, Gomez must show that "counsel's performance was completely unreasonable, not simply ill-advised in hindsight." *See Fowler*

*v. Ward*, 200 F.3d 1302, 1310 (10th Cir. 2000) (citing *Hoxsie v. Kerby*, 108 F.3d, 1239, 1246 (10th Cir. 1997)). Similarly, to show unconstitutional prejudice, Gomez must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. An ineffective assistance claim may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995).

      12.      The Petitioner must demonstrate to the court why his counsel's actions fell below an objective standard of reasonableness and that because of his counsel's actions, the proceeding was prejudiced. *Strickland*, 466 U.S. at 688. The Petitioner has failed to produce such evidence setting forth exactly what information an investigation would have revealed or what additional information would be contained in an addendum to the "information." Without such evidence, the Petitioner has failed to successfully assert prejudice on the proceedings. It is the Petitioner's burden to establish that there is some evidence, which would rebut the information presented in the Section 851 "information" report. *Id*. at 694.

      13.      Additionally, after reviewing the transcript of the Petitioner's sentencing, the court specifically asked Gomez whether or not he saw the presentence report, to which he answered "yes," and whether he had any objections to the report, to which he answered "no."[3] (Res.'s Answer Ex. III, pg. 2). The transcript also reveals that there was an addendum and that the trial court relied on both the presentence report and the addendum to set Gomez's sentence. (Res.'s Answer Ex. III, pg. 5-6). The court further

---

[3] As stated earlier in the facts, the presentence report contained the same information that was contained in the "information."

stated that "the Government has filed an enhancement information based upon a prior drug conviction which establishes a sentence of not less than ten years." (Res.'s Answer Ex. III, pg. 6). According to this transcript, it is plain to this Court that Gomez was not only shown the report but that he was given an opportunity, himself, to speak on his behalf about the information contained in that report.

14. After reviewing the submissions of the parties, it is clear that the Petitioner was afforded the necessary due process strictures as stated in my previous analysis and that he did not receive ineffective assistance of counsel. The Petitioner argues that he was not shown the "PSR" by the government nor his attorney and that he was never afforded the chance to object to the "PSR" as well. This assertion is simply not true, as evidenced by the Petitioner's own words at his sentencing hearing. The Petitioner also fails to produce any additional evidence that may tend to show prejudice on part of his attorney's actions. Therefore, this Court recommends that the Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §2255 be denied.

### Recommended Disposition

I recommend denying Gomez' Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion to Supplement the Record and dismissing this action with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque,

NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE